1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH STARLING, individually and on behalf of his minor children M.J.S. and M.E.S.,

Plaintiffs,

v.

WALMART INC, a Delaware Corporation,

Defendant.

Case No. C21-1156-RSM-MLP

ORDER RE: MOTIONS IN LIMINE

This matter comes before the Court on Defendant's Motions in Limine, Dkt. #31, and Plaintiffs' Motions in Limine, Dkt. #32. The Court finds oral argument unnecessary.

## I.    DEFENDANT'S MOTION IN LIMINE

### A.    Defendant's Opposed Motions in Limine

1.  Litigation-Related Damages.  Defendant moves to exclude any inference, argument, or testimony regarding emotional distress caused by this litigation under FRE 401–403. Dkt. #31 at 1.  Plaintiffs argue that emotional distress suffered "during the entire time" is relevant and that they should be allowed to testify as to "the ongoing struggle with emotional distress regarding this incident" and note that Plaintiffs' claim for outrage, which includes an element for intentional or reckless infliction of emotional distress,

ORDER - 1

1    survived Defendant's motion for summary judgment.  Dkt. #37 at 1; *see* Dkt. #26 at 5–

2    10.  Plaintiffs further argue that Defendants fail to cite any caselaw supporting

3    exclusion.  Dkt. #35 at 1.  Emotional distress from litigation conduct does not constitute

4    compensable damages caused by the tortfeasor and thus testimony to that effect is

5    irrelevant and unfairly prejudicial. FRE 401, 403.  Defendant's motion is GRANTED to

6    the extent Plaintiffs claim that their emotional distress was due to the litigation or

7    Defendant's litigation conduct.

8    2. <u>Medical Causation Testimony From Lay Witnesses</u>.  Defendant moves to exclude

9    Plaintiffs and/or any other lay witness(es) to testify in an inherently speculative manner

10   regarding the assumed physical or mental condition of a third party or regarding de

11   facto medical causation.  Dkt. #31 at 4.  Defendant also seeks to exclude Plaintiffs'

12   family members or other lay witnesses to testify like an expert witness would regarding

13   Plaintiffs' "mental status" or psychological issues.  *Id.*  Defendant expects Plaintiffs to

14   attempt to introduce evidence that one or more of the Plaintiffs were "traumatized" or

15   "depressed," or "have anxiety."  *Id.*  Defendant argues these are "clinical diagnoses,"

16   and alleges that none of the Plaintiffs in this case have had any clinical mental health

17   evaluation or treatment of any kind related to the incident, nor any medical treatment at

18   all for that matter.  *Id.*  FRE 701(c) precludes lay witnesses from offering testimony

19   "based on scientific, technical, or other specialized knowledge within the scope of Rule

20   702."  Lay witnesses may only provide opinion testimony as to what is "rationally

21   based on the witness's perception" and "helpful to clearly understanding the witness's

22   testimony or to determining a fact in issue."  FRE 701 (a)(b).  Plaintiffs argue that they

23   should be able to testify as to the symptoms of pain and suffering and that their family

ORDER - 2

members and other lay witnesses should be allowed to testify as to their "sensory

perceptions."  Dkt. #37 at 2 (citing *Bitzan v. Parisi*, 88 Wash. 2d 116, 121, 558 P.2d

775, 778 (1977) (There is no reason laymen may not testify to their sensory perceptions,

the weight of the testimony to be determined by the trier of fact. Physical movement by

the injured person can be seen and described by a layman with no prior medical training

or skill…  Furthermore, an injured person can testify to subjective symptoms of pain

and suffering, and to the limitations of his physical movements.) (citations omitted)).

Defendant's motion is GRANTED IN PART to the extent that no lay witness may

declare Plaintiffs have a clinical diagnosis including "depression" or "anxiety."

Plaintiffs may, however, testify as to their symptoms of pain and suffering of which

they have personal knowledge.  Further, Plaintiffs' family members and other lay

witnesses may testify as to their "sensory perceptions" based on personal knowledge.

This order does not bar Defendant from objecting to such testimony on other grounds.

3.  Irrelevant Procedural History/Supplemented Discovery Requests.  Defendant seeks to

exclude *its own* response to Plaintiffs' Interrogatory No. 5 in light of Plaintiff Joseph

Starling's deposition testimony in which he seems to suggest Walmart never accused

his children of any criminal conduct or activity and he was not even aware this

allegation was in the complaint.  *See* Dkt. #31-4.  Defendant contends that its response

has no probative value because there were not any "accusations of theft in this case."

Dkt. #31 at 6.  However, Plaintiffs' Complaint alleges Walmart accused the minor

plaintiffs of having committed theft.  *See* Dkt. #1-3 ¶ 3.28.  Whether Plaintiffs lied in

their complaint is a question for the jury and Defendant may provide testimony and

ORDER - 3

evidence to refute or explain accusations that Defendant has "changed its story" as it

expects Plaintiffs to argue.  *See* Dkt. #32 at 6.  Defendant's motion is DENIED.

4. <u>Golden Rule/Reptile</u>.  Defendant seeks exclusion of any attempt to appeal to the passion

and prejudice of the jury (the prohibited "Golden Rule" argument).  Dkt. #32 at 6.

Defendant also seeks to preclude Plaintiffs from any "reptile" tactics and lists certain

"buzzwords" and phrases it seeks to exclude.  *Id.* at 7.  Defendant's motion is

GRANTED IN PART to the extent Plaintiffs may not make "Golden Rule" arguments

by asking jurors to place themselves in the shoes of a party.  However, Defendant's

motion to preclude "reptile" tactics is not a proper motion in limine; does not address

any specific evidence; is overly broad, undefined and ambiguous; and improperly

requests broad prior restraint on Plaintiffs' trial strategy and presentation without

adequate justification.  To the extent any evidence or argument refers to evidence that is

more prejudicial than probative, such can be addressed via objection at trial.  Statements

made by counsel that are contrary to law can be addressed in closing arguments or

discussed when the Court prepares jury instructions.

5. <u>Prohibit Race-Based Argument And/Or References</u>.  Defendant moves to exclude any

suggestion that Plaintiffs were treated differently because of their race and any "specific

reference, emphasis, commentary regarding the fact that Plaintiffs are African

American."  Dkt. #31 at 8.  In response, Plaintiffs argue that their race is noted visually

and that references to race are relevant to their negligence claim against Walmart.  Dkt.

#37 at 5.  The Court finds that a blanket exclusion on any reference to Plaintiffs race is

overly broad.  However, the Court GRANTS IN PART Defendant's motion to the

ORDER - 4

1
2

extent Plaintiffs may not make arguments that they were treated differently due to their race as their discrimination claim did not survive summary judgment.

3
4
5
6
7
8
9
10
11
12
13
14
15
16

6.  <u>Prohibit Argument Concerning Manner & Means of Witness Presentation</u>.  Defendant moves, pursuant to FRE 403, to exclude any suggestion that it engaged in malfeasance related to the presentation of former Walmart employee Dera Utu at trial, or "withheld" Utu—or make similar arguments.  Dkt. #31 at 9.  Defendant contends it provided Plaintiffs with Utu's last available contact information in compliance with its discovery obligations and that Plaintiffs never attempted to contact Utu.  *Id.*  Plaintiffs argue they did attempt to contact Utu to no avail, yet Defendant was "somehow able to locate Ms. Utu after they lost on Summary Judgment."  Dkt. #3–4.  The parties clearly have a factual dispute that can be resolved by the jury.  If Plaintiffs elicit any testimony suggesting Defendant withheld Ms. Utu as a witness, Defendant is free to attack the weight of such testimony on cross-examination.  Defendant's motion is DENIED.

17
18
19
20
21
22
23
24
25
26
27
28

7.  <u>Prohibit Factually Inaccurate and Unfounded Assertions</u>.  Defendant moves to exclude Plaintiffs' testimony that they were accused of committing theft, that they felt they were being accused of committing theft, and that Plaintiff Joseph Starling was sexually assaulted.  Dkt. #31 at 9–10.  Defendant points to Plaintiff Joseph Starling's deposition transcript, which seems to suggest Walmart never accused his children of any criminal conduct or activity and he was not even aware this allegation was in the complaint.  *See* Dkt. #31-4.  Defendant's arguments go to the weight and not the admissibility of such testimony—it is the for the jury, not the Court, to determine factual disputes.  Defendant is free to attack the weight of Plaintiffs' testimony on cross-examination.  Defendant's motion is DENIED.

ORDER - 5

8. <u>Exclude Walmart Policy AP-09 And Argument Related Thereto</u>.  Defendant moves, pursuant to FRE 403, to exclude Walmart Policy AP-09 which it claims it mistakenly produced in reliance on "fallacious claims from Plaintiffs that they were 'accused of theft." Dkt. #31 at 10.  Defendant argues that it is "undisputed" this case does not involve a shoplifting detention.  Defendant points to Plaintiff Joseph Starling's deposition transcript, which seems to suggest Walmart never accused his children of any criminal conduct or activity and he was not even aware this allegation was in the complaint.  *See* Dkt. #31-4.  The Court does not find that the policy alone would cause unfair prejudice, confusion, or mislead the jury and therefore DENIES Defendant's motion on those grounds.  However, the Court does question the relevance of AP-09 and does not bar Defendant from making FRE 401 or other objections if applicable during trial.

9. <u>Exclude "Estimated" Medical Damages And Other Speculative Damages Claims</u>.  Defendant moves to exclude estimations of special damages or any claims for other damages or injuries related to assumed medical conditions or issues for lack of foundation.  Defendant only discusses one specific example—that is Plaintiffs' response to Walmart Interrogatory No. 14, in which they "estimated" $1,000 in "medical damages" but have not produced any medical bills and allege Plaintiffs have not undergone any sort of medical treatment.  Dkt. #31 at 11.  Plaintiffs have not meaningfully responded to this motion.  *See* Dkt. #37 ¶ 9.  The Court reserves ruling on this issue until it comes up at trial and DEFERS Defendant's motion.

**B.     Defendant's Unopposed Motions in Limine**

The Court GRANTS the parties' agreed motions in limine as stated below:

ORDER - 6

1

2   10. Expense of Litigation.  Neither party will introduce evidence or argument regarding the

3   expenses of litigation incurred.  This exclusion encompasses but is not limited to

4
    speculation as to what the defense paid to defend Plaintiffs' lawsuit and/or costs to
5
    Plaintiffs to pursue recovery.  The parties will also not make reference to attorneys' fees
6
7   or discuss the possibility that Plaintiffs could have a judgment reduced pursuant to a

8   contingent fee agreement.  Plaintiffs reserve the right to introduce such evidence or

9   argument should Defendant open the door.

10
    11. Size/Resources of Walmart.  Neither party will introduce evidence or argument
11
    regarding the size or resources believed to be available to Walmart and/or the law firm
12
13  representing Walmart, during voir dire or at any other time throughout the course of

14  trial.  This prohibition encompasses comments on the number of lawyers working for

15  the law firm representing Walmart and bars any speculation or comment regarding the

16
    perceived ability of Walmart and/or its insurers to pay a particular amount.  Plaintiffs
17
    reserve the right to introduce such evidence or argument should Defendant open the
18
19  door.

20  12. Insurance Coverage.  Neither party will introduce evidence or argument regarding

21  Walmart's insurance coverage and/or other means to satisfy a judgment.  Plaintiffs

22
    reserve the right to introduce such evidence or argument should Defendant open the
23
24  door.

25  13. Taxability of Judgment.  Neither party will introduce evidence or argument regarding

26  the taxability of any judgment or award.  Plaintiffs reserve the right to introduce such

27  evidence or argument should Defendant open the door.

28

ORDER - 7

14. <u>Other Verdicts</u>.  Neither party will introduce evidence or argument regarding jury verdicts in supposedly similar cases and/or the facts of supposedly similar cases.

15. <u>Other Lawsuits</u>.  Neither party will introduce evidence or argument regarding other lawsuits against Walmart, whether supposedly similar or not.  Plaintiffs reserve the right to introduce such evidence or argument should Defendant open the door.

16. <u>Limit Treating Providers to Their Records</u>.  The parties will limit, or restrict, any treating-provider-type experts to their records and any opinions stated therein. The parties do not expect this will be an issue because neither party disclosed experts under FRCP 26(a)(2), and because Plaintiffs did not undergo any medical treatment; however, Walmart is making this motion out of an abundance of caution. The relief requested herein is not intended to infringe either party's ability to use medical records for other purposes, e.g. for impeachment.

17. <u>References to Motions in Limine/Other Pre-Trial Motions</u>.  Neither party will introduce evidence or argument regarding motions in limine and/or Walmart's Motion for Summary Judgment, including arguments advanced and/or the outcome with respect to particular motions/arguments.

18. <u>Review Evidence</u>.  The parties will give one another the opportunity to review and object to any and all exhibits, including illustrations and/or demonstrative exhibits, before the parties or their counsel refer to those items in front of the jury

19. <u>Witness Notice By End of Court Day</u>.  The parties will provide notice of the next day's witnesses by the end of the court day.  Should no such notice be provided, it would be grounds to preclude the calling of that witness on the next day outside agreement of the parties and the Court to the contrary.

ORDER - 8

20. Exclude Non-Party Witnesses.  Non-party witnesses will be excluded from the courtroom.

21. Uncalled Witnesses. The parties will not introduce evidence or argument regarding witnesses who appear on a witness list, that a party elects not to call for whatever reason.  This motion is not intended to limit or infringe the right of the parties to argue that a party failed to meet its burden on a claim or defense, or that certain evidence is lacking, generally.  This motion simply precludes seeking to ascribe meaning or attributing particular tactical intent to a decision of the other side not to call a witness.

## II.    PLAINTIFFS' MOTION IN LIMINE

**A.    Plaintiffs' Unopposed Motion in Limine**

The Court GRANTS and GRANTS IN PART (as indicated) the parties' agreed motions in limine as stated below:

1. Exclude any Mention of Tax on Recovery.  The parties agree not to make any reference to the tax implications of any jury award.

2. Prohibit Reference to Attorney's Fees, Employment Agreements, and Possible Recovery of Attorney's Fees.  The parties agree not to make any reference to the award of attorney's fees in the event the claims and statute allow it.  However, Defendant disagrees there is any statutory or other basis for an award attorneys fees in this case.

3. Prohibit Testimony/Comments on Witness Testimony Outside Closing Argument. The parties agree counsel will not introduce any testimony or comments on witness testimony outside closing argument.

4. Prohibit References to Motions in Limine.  The parties agree not to comment or suggest Plaintiffs have excluded from proof any matter bearing on the issues in this case.

ORDER - 9

5. <u>Exclude Non-Party Witnesses</u>. The parties agree nonparty witnesses will be excluded from the courtroom.

6. <u>Preclude Claims That Jury Award Would Take Money From Walmart</u>. Neither party will suggest or imply that any award to the Plaintiffs will be at the expense of Walmart's patrons.

7. <u>Prohibit References to Lay Witnesses as "Experts"</u>. Plaintiffs' motion is GRANTED IN PART. Neither party's counsel nor witnesses will refer to any witnesses as "experts" unless found qualified as an expert under the relevant rules of evidence and local rules.

8. <u>Prohibit Demands for Requests Before the Jury</u>. Neither party will make demands or requests before the jury for matters found or contained in Plaintiffs' file, which would include statements, pleadings, photographs or other documents, nor to demand or request further or additional medical examinations, physical demonstrations or other during requests during the course of the trial and in the presence of the jury. Further, neither party will introduce any testimony or commentary that Plaintiffs may recover attorneys' fees pursuant to 42 U.S.C. § 1983 should they prevail in this case.

9. <u>Allow Family Photos and Photos of Starling Family</u>. The parties agree that Plaintiffs may introduce family photos and photos of the Starling family.

10. <u>Preclude Implication That Walmart Has "No Prior Record of Misconduct."</u> Plaintiffs' motion is GRANTED IN PART. Defendant will not be permitted to suggest it has no prior record of misconduct.

ORDER - 10

11. Exclude Evidence Concerning Prior Good Acts of Walmart.  The parties agree not to introduce any evidence, testimony, mention or argument concerning any prior good acts and/or endeavors by Walmart.

**B.**     **Plaintiffs' Opposed Motions in Limine**

12. Prohibit Any Mention Of Any Drug And/Or Alcohol Abuse By Plaintiff Joseph Starling.  Plaintiffs seek to exclude any mention or reference that Plaintiff Joseph Starling used or abused drugs and/or alcohol as irrelevant under FRE 401, prejudicial and causing confusion under FRE 403.  The Court cannot find any relevance that Plaintiff Joseph Startling's drug and/or alcohol use prior to the incident on March 12, 2018, could have to any claims or defenses at issue in this case.  The Court GRANTS IN PART Plaintiffs' motion to the extent Defendant seeks to introduce any evidence related to Plaintiff Joseph Startling's drug and/or alcohol use prior to March 12, 2018, but reserves ruling the introduction of evidence related to Plaintiff Joseph Startling's drug and/or alcohol use *on* the date of the incident.

13. Exclude All Evidence Of Plaintiff Joseph Starling's Prior Arrests And Criminal Record.  Plaintiffs move to exclude any evidence, testimony, or argument related to Plaintiff Joseph Starling's unrelated prior arrests or prior criminal record.  The Court finds Plaintiff Joseph Starling's criminal record irrelevant to any claims or defenses at issue in this case and GRANTS Plaintiffs' motion.

14. Exclude Evidence of Prior Bad Acts.  Plaintiffs move to exclude any evidence, testimony, mention or argument related to any "prior bad acts" by Plaintiff Joseph Starling.  The Court DENIES Plaintiffs' motion as it is overbroad and lacks specificity.  However, Defendant is reminded the Court has already ruled that Plaintiff Joseph

ORDER - 11

Starling's prior arrests and criminal record are excluded under FRE 401. *See Section II.B.13.*

15. <u>Exclude Undisclosed Witnesses and Evidence</u>.  Plaintiffs seek to exclude "any undisclosed witnesses and other undisclosed evidence."  Plaintiffs have not identified any particular witnesses or evidence that Defendant intends to introduce into evidence. The Court will not operate in a vacuum.  The Court DENIES Plaintiffs' motion. If Defendant attempts to introduce evidence or testimony that they did not previously disclose, Plaintiffs may renew their motion.

16. <u>Allow "Conscience of the Community" Argument(s)</u>.  Plaintiffs seek a prior approval from the Court to allow Plaintiffs to "ask the jury to consider what damages the plaintiff has suffered" and "ask the jury to place themselves in the position of [] compensating the plaintiff for the injuries the plaintiff sustained."  Defendant argues Plaintiffs failed to confer regarding their intent to make this particular motion.  Dkt. #36 at 5.  LCR 7(d)(4) requires that "[i]f the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in LCR 11of these rules."  The Court DENIES Plaintiffs' motion.

17. <u>Compel Witnesses to Appear in Civilian Clothing</u>.  Plaintiffs request the Court to require that all witnesses appear in civilian clothing without citation to rule, caselaw, or any other rationale.  Plaintiffs' motion is DENIED.

18. <u>Exclude Evidence Regarding Unrelated Medical Conditions</u>.  Plaintiffs move to exclude evidence, testimony, or argument regarding unrelated medical conditions.  The Court DENIES Plaintiffs' motion as it is overbroad and lacks specificity.

ORDER - 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #31, 32) are GRANTED, GRANTED IN PART, DENIED, AND DEFERRED as stated above.

DATED this16th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 13