UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH STARLING, *et al.*,

            Plaintiffs,

  v.

WALMART INC,

            Defendant.

Case No. C21-1156-RSM-MLP

ORDER

This matter is before the Court on Defendant Walmart Inc.'s ("Walmart") Motion to Re-Open Discovery. (Def.'s Mot. (dkt. # 41).) Plaintiffs filed an opposition (dkt. # 44), and Walmart filed a reply (dkt. # 49). The Court heard oral argument on February 27, 2023. (Dkt. # 50.) Having considered the parties' submissions, oral argument, the governing law, and the remainder of the record, the Court DENIES Walmart's Motion (dkt. # 41).

Discovery in this matter closed on June 20, 2022. (Dkt. # 8.) Six days before discovery closed, the parties filed a stipulated motion to modify the scheduling order that would have extended discovery by 91 days, to September 19, 2022, in order for Plaintiffs to take a Federal Rule of Civil Procedure 30(b)(6) deposition and Walmart to take several depositions, including depositions of the two minor Plaintiffs. (Dkt. # 9.) The Court denied the motion because a

ORDER - 1

corresponding extension of the dispositive motion deadline would have resulted in dispositive motions becoming ripe for the Court's consideration on November 11, 2022, mere days before the November 14, 2022 trial date. (Dkt. # 10.) The parties did not file another stipulation extending discovery nor did Walmart move on its own to extend the discovery deadline to take its depositions. On November 8, 2022, Walmart's summary judgment motion was granted in part and denied in part. (Dkt. # 39.) Trial was rescheduled to May 22, 2023. (Dkt. # 40.)

On January 30, 2023, Walmart filed the instant motion, seeking to reopen discovery to allow deposition of the two minor Plaintiffs. (Def.'s Mot.) A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Here, the Court finds the first factor weighs against reopening discovery. Although trial is nearly three months away, motions in limine have already been resolved. (Dkt. # 48.) With respect to the second factor, Plaintiffs' opposition also weighs against granting Walmart's Motion.

As to the third factor, the Court finds reopening discovery would prejudice Plaintiffs. If new material came to light at the minor Plaintiffs' depositions, Plaintiffs would need to return to the Court to seek permission for further discovery and/or to file new motions in limine.

The fourth factor, diligence, also weighs against granting Walmart's Motion. After the parties' stipulated motion to extend discovery was denied in June 2022, Walmart contends Plaintiffs withdrew their cooperation in seeking to extend discovery. (Def.'s Mot. at 2; Silverman Decl. (dkt. # 42) at ¶ 5.) Nevertheless, Walmart could have filed an opposed motion at that point to extend discovery. Instead, Walmart apparently made the strategic decision to file for summary judgment based on Mr. Starling's deposition alone, knowing that Plaintiffs were free to file declarations in support of their opposition to Walmart's summary judgment motion. It is now eight months later, and the Court finds Walmart was not diligent in seeking the minor Plaintiffs' depositions.

Relatedly, the fifth factor of foreseeability weighs against granting Walmart's Motion. Walmart knew that it may want to take the minor Plaintiffs' depositions. It made initial overtures to do so in emails with Plaintiffs' counsel, but never proceeded as far as noticing a deposition. (*See* Silverman Decl., Ex. C (dkt. # 42-2) at 2-4 (May 2022 emails regarding "the children's depositions").)

Finally, the sixth factor, likelihood that the discovery will lead to relevant evidence, weighs in favor of granting Walmart's Motion. However, the Court concludes that the majority of factors counsel in favor of denial, outweighing this single factor. Accordingly, the Court DENIES Walmart's Motion (dkt. # 41).

Dated this 28th day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge