The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH STARLING individually and on behalf of his minor children M.J.A and M.E.S, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC., a Delaware Corporation, <br><br> Defendant. | NO. 2:21-cv-01156 – RSM-MLP <br><br> [~~PROPOSED~~] PRETRIAL ORDER |

# I. JURISDICTION

Jurisdiction is vested in this court by virtue of: 28 U.S.C. § 1332. Plaintiffs originally filed suit in the Superior Court of Washington in and for the County of King; however, insofar as there is diversity among and between all parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs, Walmart removed this case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 on August 26, 2021.

# II. CLAIMS AND DEFENSES

A. Plaintiffs will pursue at trial the following claims:

1. False Imprisonment
2. Tort of Outrage
3. Negligence

PRETRIAL ORDER - 1

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

B. **Defendant will pursue the following affirmative defenses[1]:**

No. 2 - Plaintiffs' damages, if any, were proximately caused by the negligence of Plaintiffs in failing to exercise reasonable care.

No. 3 - Plaintiffs were comparatively negligent.

No. 4 - The risk of injury or damage to Plaintiffs was not foreseeable to Walmart.

No. 5 - Plaintiffs' claimed injuries and damages were due to actions of third parties.

No. 6 - Plaintiffs' claims are barred by some or all of the following: waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, and/or consent.

No. 7 - Walmart took precautions and affirmative actions that were consistent with the state of its knowledge at the time.

No. 8 - Walmart acted reasonably and/or did not breach any duty to Plaintiffs.

No. 11 - Walmart's allegedly tortious conduct was privileged as a matter of law.

No. 13 - The alleged conduct is not "outrageous" as defined by Washington law.

No. 15 - Walmart did not intend, or act with intent, to cause emotional distress or to injure Plaintiffs.

## III. ADMITTED FACTS

The following facts are admitted by the parties: (Enumerate every agreed fact, irrespective of admissibility, but with notation of objections as to admissibility. List 1, 2, 3, etc.)

1. Mr. Starling's children, MJS and MES are African American. **Defendant objects on the basis of relevance (FRE 401-403), and subject to the Court's ruling on Def.'s MIL #5.**

---

[1] These defenses are numbered in accordance with their original-designated number in Walmart's Answer to Plaintiffs' Complaint. Walmart is tentatively withdrawing other affirmative defenses because Walmart does not intend to pursue those affirmative defenses based on the claims Plaintiffs are no longer pursuing, either voluntarily, or because those claims have been dismissed; however, Walmart reserves the right to reassert originally pled affirmative defenses, and maintains all of the other reservations in its Answer, depending on the nature of the proof offered by Plaintiffs at trial and the evidence that is ultimately admitted by the Court at trial.

PRETRIAL ORDER - 2

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2. MJS and MES walked to Walmart on the date of the incident, March 12, 2018, alone.

3. MJS and MES entered Walmart alone on the date of the incident.

4. The Walmart in question is in Federal Way, Washington.

5. The Starling family lives nearby (approximately a five-minute walk).

6. Mr. Starling gave MJS and MES money to purchase items at Walmart.

**Defendant objects on the basis of relevance (FRE 401-403).**

7. MJS and MES were six- and ten-years-old on the date of the incident.

8. On the date in question, Walmart Asset Protection Manager Debra Utu observed the Starling children alone in the store.

9. Utu approached the Starling children and asked them questions.

10. After Utu asked the Starling children questions, they followed her to the loss prevention room.

11. Utu did not touch the children during the walk to the loss prevention office.

12. Utu called Joseph Starling while in the loss prevention office with the Starling children.

13. Joseph Starling and Utu spoke briefly on the phone while Utu was in the loss prevention office with the Starling children.

14. Starling became bothered and highly upset on the phone.

15. Following the phone call between Starling and Utu, Utu called Federal Way Police.

16. Utu placed the call to Federal Way police at 19:30:41 PM (7:30 PM).

17. It was after dark at the time Utu made the call to Federal Way Police.

18. Immediately following the phone call from Walmart, Starling went to the Federal Way Walmart to retrieve his children.

PRETRIAL ORDER - 3

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

19. Upon entering Walmart, Starling approached the customer service section of the store and was informed that his children were in the loss prevention office.

20. The loss prevention office is a secure area of Walmart that is generally off limits to the public.

21. After learning the whereabouts of his children, Starling proceeded to the loss prevention office door.

22. At or around the time Starling proceeded towards the loss prevention door, Debra Utu closed the door from inside the office.

23. Starling stood at the office door knocking continuously and requesting and demanding the return of the Starling children to him.

24. Utu did not open the door or give the Starling children to Joseph Starling while awaiting the arrival of police.

25. Police arrived on scene after Starling, at 19:39:40 PM (7:39 PM).

26. Police asked Starling to calm down.

27. Starling had an emotional outburst after being asked to calm down because Walmart had still not released his children to him.

28. The Federal Way Police placed Mr. Starling in handcuffs until he was calm.

29. The children were in the loss prevention office for roughly 20 minutes, from the time of Utu's approach until the release of the children to Joseph Starling after the police arrived.

30. No party was charged with any crime related to the above-described events.

## IV. ISSUES OF LAW

The parties cannot agree on the issues of law, and therefore submit the following separate statements for the Court's consideration:

PRETRIAL ORDER - 4

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

A. <u>Plaintiffs' Proposed Issues of Law:</u>

1. Whether Walmart associate Debra Utu actions were negligent when she detained the Starling children in the loss prevention office after Mr. Starling requested his children be released to him

2. Whether Walmart willfully detained one or more Plaintiffs', without their consent, without legal authority and interfered with the Plaintiffs' movement or freedom.

3. Whether Walmart actions were extreme and outrageous and recklessly inflicted severe emotional distress on one or more Plaintiffs by virtue of engaging in conduct that was outrageous and extreme.

B. <u>Defendant's Proposed Issues of Law:</u>

1. Whether Walmart associate Debra Utu acted reasonably when she approached the two minor Starling children who were alone in the Federal Way Walmart, after dark, and escorted those children to the loss prevention office in order to call their guardian.

2. Whether Walmart intentionally deprived one or more Plaintiffs' movement or freedom to remain in the place of their lawful choice by physical force, threat of force, or by conduct reasonably implying that force would be used.

3. Whether Walmart intentionally or recklessly inflicted severe emotional distress on one or more Plaintiffs by virtue of engaging in conduct that was outrageous and extreme.

4. Whether Joseph Starling acted unreasonably with respect to the events at issue.

5. Whether Plaintiffs caused or contributed to their own claimed damages.

6. Whether one or more Plaintiffs consented to the acts done by Walmart.

## V. EXPERT WITNESSES

The parties do not intend to call any expert witnesses.

PRETRIAL ORDER - 5

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## VI. OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(As to each witness, expert or others, indicate "will testify," or "possible witness only." Also indicate which witnesses, if any, will testify by deposition. Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, need not be named.)

(a)     On behalf of Plaintiff:

1. Joseph Starling
   c/o James Bible Law Group
   14205 SE 36th Street Suite 100
   Bellevue, WA 98006
   (425) 519-3675

Joseph Starling is the Plaintiff and father of minor children M.J.A. and M.E.S. and who has knowledge of the facts of his claims and his children's claims against the Defendant. Mr. Starling will testify.

2. Minor Plaintiff M.J.S.
   c/o James Bible Law Group
   14205 SE 36th Street Suite 100
   Bellevue, WA 98006
   (425) 519-3675

M.J.A is a Plaintiff, and who knowledge of the facts of her claims and her brother's and father's claims against the Defendant. M.J.A. will testify.

3. Minor Plaintiff M.E.S
   c/o James Bible Law Group
   14205 SE 36th Street Suite 100
   Bellevue, WA 98006
   (425) 519-3675

M.E.S is a Plaintiff, and who knowledge of the facts of his claims and his sister's and father's claims against the Defendant. M.E.S. may testify.

PRETRIAL ORDER - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

(b) <u>On behalf of Defendant</u>: (follow same format).

1. Debra Utu
   c/o Williams Kastner
   601 Union St., Suite 4100
   Seattle, WA 98101

Debra Utu will testify as to her knowledge of the facts and circumstances surrounding the alleged incident, as well as to her understanding of Walmart policies, procedures, customs and practices. Debra Utu will also testify regarding her background and experience as an asset protection associate at the Federal Way Walmart.

2. Responding Officer (Seth Hanson, Ret.)
   [redacted]

Officer Seth Hanson will testify as to his knowledge of the facts and circumstances surrounding the alleged incident, and regarding the police response and investigation into the events in question. Officer Hanson will also testify regarding his background and experience in responding to incidents similar to the one in question.

3. Federal Way Police Department Records Custodian
   33325 8th Ave. S. – Suite 101
   Federal Way, WA 98003

An authorized custodian of records for the Federal Way Police Department will testify as to the Department's standard policies and practices surrounding creation and retention of records documenting emergency response incidents, including but not limited to production and retention of computer-aided dispatch or "CAD" logs.

4. Corporate Representative/FRCP 30(b)(6) Representative of Walmart
   c/o Williams Kastner
   601 Union St., Suite 4100
   Seattle, WA 98101

PRETRIAL ORDER - 7

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

An authorized corporate representative will testify on behalf of Walmart, consistent with the provisions of FRCP 30(b)(6), as to Walmart policies and procedures that relate to the events in question, and regarding the reasonableness and appropriateness of Walmart's response considering the totality of the circumstances at issue.

5. Manny Archuleta
   c/o Williams Kastner
   601 Union St., Suite 4100
   Seattle, WA 98101

Manny Archuleta is the current store manager of the Federal Way Walmart. Walmart may call Mr. Archuleta to testify regarding current store operations and/or regarding the facts and circumstances surrounding the alleged incident.

Plaintiff has filed a renewed Motion in Limine that will be heard by the Judge on the first day of trial regarding newly undisclosed evidence and undisclosed witnesses.

## VII. EXHIBITS

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag with the following information in table format:

| Plaintiffs' Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | Walmart's Answer to the Plaintiffs Complaint | Stipulated | Disputed | Relevance (FRE 401-403); MIL Nos. 5, 8. Some or all of Walmart's Answer and affirmative defenses relate(s) to issues that are | |
PRETRIAL ORDER - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

| | | | | | |
|---|---|---|---|---|---|
| | | | | | no longer in dispute, including Plaintiffs' discrimination cause of action. Thus, introducing Walmart's Answer to those and other claims would be confusing, misleading, and prejudicial under FRE 403. More simply, nothing in the Answer is relevant as defined in FRE 401; Walmart's Answer is not evidence that makes any of Plaintiffs claims more or less probable. | |
| | 2 | Walmart's Responses to Plaintiffs First Set of Interrogatories and Requestion for Production and Exhibits | Stipulated | Disputed | Relevance (FRE 401-403); MIL Nos. 5, 8. Consistent with the immediate-above objection, introducing all of Walmart's Responses without redaction, limitation, or context would violate FRE | |

PRETRIAL ORDER - 9

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| | | | | |
|---|---|---|---|---|
| | | | | 401-403 and the Court's Order on Walmart's Motions in Limine. To the extent Plaintiffs wish to introduce particular responses that are relevant to claims still being pled, the Court could make determinations as to those specific offers on an item-by-item basis; however, an undifferentiated offer of Walmart's discovery responses as evidence is an invitation to the jury to consider claims that are no longer in dispute, and worse, to decide this case on bases beyond facts and law relevant to the claims that remain at issue. |

PRETRIAL ORDER - 10

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

| | | | | | |
|---|---|---|---|---|---|
| 3 | Walmart's Supplemental Investigation and Detention Guide Policy AP-09 | | | Relevance (FRE 401-403); MIL No. 8. | |

Defendant's Exhibits

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| A1 | CAD Log | | | Objection FRE 106, 401-403, 602, 802, 904 | |
| A2 | 7 photos of Federal Way Walmart | | | Objection. Photos were requested during discovery and Defendants failed to provide this discovery FRE 401-403, 602, 802 | |

The Parties' Objection Code:

| MIL | Subject of a Motion in Limine |
|---|---|

PRETRIAL ORDER - 11

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## VIII. ACTION BY THE COURT

(a)  This case is scheduled for trial before a jury on May 22, 2023, at 9:00 a.m.

(b)  Trial briefs shall be submitted to the court on or before ___May 17___

(c)  (Insert any other ruling made by the court at or before pretrial conference.) Per the Court's 4/28/2023 Minute Entry filed in this matter, trial day will run from 9:00 a.m. to Noon, and then from 1:00 p.m. to 4:15 p.m.—but possibly slightly longer depending on the needs of the parties and the discretion of the Court. Trial is expected to last 4-5 days. Each side will have 25-30 minutes for voir dire following the Court's general questions, with three (3) peremptory challenges per side (simultaneous). A jury of 8 (or 9) will be empaneled. The parties are allotted 30 minutes for opening statements and closing arguments. Parties are ordered to submit a neutral statement of the case by May 17, 2023.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent court of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this __22__ day of May 2023

_/s/ RSM_
United States District Judge

PRETRIAL ORDER - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

FORM APPROVED:

*/s/ Jesse Valdex, WSBA #35378*
James Bible, WSBA #33985
Jesse Valdex, WSBA #35378
Errin Loyal, WSBA #56672
JAMES BIBLE LAW GROUP
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
Telephone: (425) 519-3675
Email: james@biblelawgroup.com; carla@biblelawgroup.com; jesse@valdezlehman.com; and Errin@loyallawgroup.com

**Counsel for Plaintiffs Starling**

-AND-

*/s/ Eddy Silverman, WSBA #53494*
Rodney L. Umberger, WSBA #24948
Eddy Silverman, WSBA #53494
Ashley M. Langley, WSBA #54032
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: 206.628.6600
Email: rumberger@williamskastner.com; esilverman@williamskastner.com; and alangley@williamskastner.com

**Counsel for Defendant Walmart Inc.**

PRETRIAL ORDER - 13

(USDC Case No. 2:21-cv-01156-RSM-MLP)
7749318.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600